# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

SONY MUSIC ENTERTAINMENT; SONY
MUSIC ENTERTAINMENT US LATIN LLC;
ULTRA RECORDS, LLC; LAFACE RECORDS
LLC; ARISTA MUSIC; ARISTA RECORDS, LLC;
RECORDS LABEL, LLC; and ZOMBA
RECORDING LLC,

No.

Plaintiffs,

COMPLAINT AND
JURY DEMAND

v.

OFRA COSMETICS, LLC; OFRA COSMETICS
HOLDINGS, LLC; and DOES 1–10,

Defendants.

Plaintiffs Sony Music Entertainment; Sony Music Entertainment US Latin LLC; Ultra Records, LLC; LaFace Records LLC; Arista Music; Arista Records, LLC; Records Label, LLC; and Zomba Recording LLC (collectively "Sony Music" or "Plaintiffs"), for their Complaint and Demand for Jury Trial against OFRA Cosmetics, LLC and OFRA Cosmetics Holdings, LLC. (collectively, "OFRA Cosmetics"), and Does 1 through 10 (together with OFRA Cosmetics, "OFRA" or "Defendants"), allege, as follows:

## PRELIMINARY STATEMENT

### A. OFRA Cosmetics and its Infringing Conduct

1.      Defendant OFRA Cosmetics is a popular beauty and cosmetics brand that touts itself as "an internationally recognized name in the beauty industry."[1] OFRA Cosmetics sells and

---

[1] See https://ofracosmetics.com/ (last accessed October 30, 2023).

markets various make-up and skincare products, as well as other branded merchandise, such as headbands and cosmetics bags.

2.      OFRA Cosmetics' popularity has been driven by its use of social media. Defendants built OFRA Cosmetics into one of the most successful and influential beauty brands on social media, amassing over 1.7 million followers on Instagram alone. OFRA Cosmetics has achieved its success through blatant, willful, and repeated copyright infringement of the sound recordings and musical compositions of various content owners, including hundreds of Plaintiffs' popular and valuable sound recordings.

3.      OFRA Cosmetics' social media pages are populated with videos showcasing OFRA Cosmetics products, including branded makeup and beauty products, alongside popular copyrighted sound recordings and musical compositions.  But there's a problem with OFRA Cosmetics' approach: it regularly exploits (or materially contributes to the exploitation of) videos that contain unlicensed sound recordings and musical compositions owned by record and music publishing companies, respectively, including at least 329 videos ("OFRA Videos") featuring Plaintiffs' sound recordings, that OFRA has posted to its own social media pages.

4.      OFRA Videos are advertisements.  They promote OFRA Cosmetics' makeup, beauty, skin care, and other products and its brands, and often include demonstrations showing potential customers how the products can be used.  In every instance, Sony Music's hit recordings form the soundtrack to the OFRA Videos.

5.      Videos created and/or posted by OFRA Cosmetics are transmitted to the social media feeds of the millions of users who follow OFRA Cosmetics' various channels and countless others who are fans of the music OFRA has wrongfully co-opted.

6.      The Sony Music sound recordings are used to enhance the commercial impact of the OFRA Videos, which capitalize on the popularity, artistry, and entertainment value of those recordings.  The Sony Recordings generally run the length of the videos, and include the catchiest or most familiar parts of the tracks.

7.      The inclusion of the Sony Recordings in the OFRA Videos is designed to, and does,

greatly increase the appeal and influence of the videos, from which OFRA Cosmetics has profited handsomely.

8.      Upon information and belief, OFRA Cosmetics created at least some of the OFRA Videos itself, and posted them to its social media pages as advertisements.  Other OFRA Videos are created by so-called "influencers", sometimes through formal partnerships with OFRA Cosmetics, who promote OFRA Cosmetics' products to their social media followers and, upon information and belief, receive, in return, free product, a cash payment, or a share in OFRA Cosmetics' sales.  OFRA Cosmetics copies many of these influencer-created videos to OFRA Cosmetics' own websites and social media pages to advertise its products.

9.      For years, OFRA Cosmetics' marketing strategy has focused on using these types of videos to promote OFRA Cosmetics' products, and OFRA Cosmetics has exploited a huge number of sound recordings owned and/or controlled by Sony Music as well as sound recordings and/or musical compositions owned by other record labels and music publishers, the full extent of which is unknown.

10.     Attached as Exhibit 1 is a list of 329 OFRA Videos.  Exhibit 1 identifies the Sony Music artist whose music is featured in the OFRA Video, the title of the featured track, and the URL(s) at which the OFRA Video has been posted.  Upon information and belief, there are many additional infringing videos for which OFRA Cosmetics is responsible that Sony Music has yet to identify.

### B. Overview of Sony Music and Its Business

11.     Sony Music and its predecessors have been at the forefront of recorded music for over a century, and produces, manufactures, distributes, sells, and licenses some of the most iconic and popular sound recordings of all time, from Michael Jackson's "Thriller" and George Michael's "Careless Whisper," to recent hits such as Doja Cat's "Say So", Lil Nas X's "Old Town Road", and everything in between.

12.     Sony Music's massive investments in recorded music are protected by copyright law, which grants Sony Music the exclusive rights to, among other things, reproduce, distribute,

publicly perform, transmit, and create derivative works of, its sound recordings.

13.     An important portion of Sony Music's return on its investment in recorded music, which it shares with its exclusive recording artists, comes from licensing its recordings to others who use Sony Music's works in videos, television shows, commercials, on social media, and the like, just like OFRA has done.

### C. Sony Music's Notice of Infringement to Defendants

14.     Sony Music informed the Defendants of their infringing use of Sony Music's copyrighted material through a letter sent to OFRA Cosmetics on September 12, 2022.  The Defendants have refused to meaningfully engage in any discussions with Sony Music regarding the infringing conduct.

15.     The Defendants' conduct has caused and continues to cause substantial and irreparable harm to Sony Music, while enriching OFRA Cosmetics at Sony Music's (and its artists') expense.  This action seeks to hold the Defendants responsible for their substantial *willful* (a) direct copyright infringement of the Sony Recordings, including the Defendants' unauthorized copying, public performance, digital transmission, distribution, and creation of derivative works, and (b) contributory and/or vicarious copyright infringement owing to the unauthorized use of the Sony Recordings by various third parties discovered to date.  The full extent of that direct and secondary infringement is presently unknown.

16.     OFRA Cosmetics' infringement was and is willful. Not only has OFRA Cosmetics failed to take down infringing content after Sony Music's demand, it has also re-posted *new* infringing content, long after learning of Sony's claims.

### JURISDICTION AND VENUE

17.     This Court has original subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101 *et seq.*, 28 U.S.C. §§ 1331 and 1338(a).

18.     The Court has personal jurisdiction over the Defendants because, among other things: (a) OFRA Cosmetics, LLC and OFRA Cosmetics Holdings, LLC are Florida entities with

their headquarters and principal addresses located in the State of Florida; (b) the Defendants are doing and have been doing business continuously in the State of Florida; (c) a substantial part of the wrongful acts committed by the Defendants occurred in the State of Florida, including by reproducing, preparing derivative works based upon, and publicly performing the Sony Recordings within the State of Florida; and (d) the Defendants' conduct causes injury to, and is directed at, Sony Music and their intellectual property in the State of Florida.

19.     Venue is proper in this district under 28 U.S.C. § 1391(b).  A substantial part of the acts of infringement, and other events and omissions complained of herein, occurred in this district, and this is the district in which the Defendants "reside".  Also, Sony Music has been injured in this district as a result of the Defendants' infringing conduct.

## THE PARTIES

### A.  The Plaintiffs

20.     Plaintiff Sony Music Entertainment ("SME") is a Delaware general partnership, engaged in the business of recorded music and headquartered in New York City.  SME's principal place of business is located at 25 Madison Avenue, New York, New York 10010.

21.     Plaintiff Sony Music Entertainment US Latin LLC ("Sony Latin") is a Delaware Limited Liability Company with its principal place of business at 3390 Mary St., Suite 220, Coconut Grove, Florida 33133.

22.     Plaintiff Ultra Records, LLC ("Ultra") is a Delaware Limited Liability Company with its principal place of business at 25 Madison Avenue, New York, New York 10010.

23.     Plaintiff Zomba Recording LLC ("Zomba") is a Delaware Limited Liability Company with its principal place of business at 25 Madison Avenue, New York, New York 10010.

24.     Plaintiff Arista Music ("Arista Music") is a New York partnership with its principal place of business at 25 Madison Avenue, New York, New York 10010.

25.     Plaintiff LaFace Records LLC ("LaFace") is a Delaware Limited Liability Company with its principal place of business at 25 Madison Avenue, New York, New York 10010.

26.     Plaintiff Arista Records LLC ("Arista Records") is a Delaware Limited Liability Company with its principal place of business at 25 Madison Avenue, New York, New York 10010.

27.     Plaintiff Records Label, LLC ("Records Label") is a Delaware Limited Liability Company with its principal place of business at 25 Madison Avenue, New York, New York 10010.

28.     Sony Latin, Ultra, Zomba, Arista Music, Arista Records, LaFace, and Records Label are companies owned by or affiliated with SME.

29.     Sony Music is engaged in the business of producing, marketing, distributing, selling, and/or licensing sound recordings through a myriad of different methods, including in audiovisual works, and via streaming (*i.e.*, publicly performing) and downloading over the Internet and through other mediums.  Sony Music invests substantial money, time, effort, and creative talent in discovering and developing recording artists, and in creating, advertising, promoting, selling, and licensing sound recordings embodying the performances of their exclusive recording artists and their unique and valuable sound recordings.

### B. The Defendants

30.     OFRA Cosmetics, LLC is a Florida Limited Liability Company with its principal place of business at 2141 Blount Road, Pompano Beach, Florida, 33069.

31.     OFRA Cosmetics Holdings, LLC is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business in Broward County.

32.     On information and belief, Does 1 through 10 own, operate, or are employees of OFRA Cosmetics, and/or are otherwise responsible for and proximately caused and are causing the harm and damages alleged in this Complaint.  Plaintiffs are presently unaware of the true names and/or the involvement of the defendants sued by the fictitious designations Does 1 through 10, and for that reason sue them by those designations.  Plaintiffs will seek leave to amend this pleading to identify those defendants when their true names and involvement in the infringements and other wrongful conduct hereinafter described are known.

## SONY MUSIC'S SOUND RECORDINGS

33.     Sony Music is home to some of the world's most distinguished record labels, including Columbia Records, RCA Records, Sony Nashville, Arista Records, and Epic Records, through which it contracts with its world-class recording artists.  Sony Music owns copyrights and/or exclusive rights in and to many of the most popular sound recordings in the world – including by way of example, "Break My Soul" by Beyoncé, "As It Was" by Harry Styles, "Woman" by Doja Cat,  and "All I Want For Christmas Is You" by Mariah Carey – as well as the other recordings identified on the attached **Exhibit 1** (the "Sony Recordings").

34.     In addition to well-known artists, Sony Music invests heavily in signing and developing new artists.  Sony Music often invests on the front end of an artist's career—through advances, recording, marketing, creative services, promotion, and more—looking to help the artist, and the artist's recordings, achieve success.  Sony Music's financial incentives to invest in artists and their music flow directly from the protections afforded by the copyright laws and the revenues it earns from the sound recordings that it owns and/or controls.

35.     The Plaintiffs are, and at all times relevant to this proceeding were, the sole owners or exclusive licensees of all right, title and interest in and to the copyrights in the Sony Recordings at issue.

36.     The Plaintiffs' (or their licensor's) copyrights in the Sony Recordings at issue are valid; and each Sony Recording at issue is either: a) covered by a valid copyright registration; b) one for which Sony Music has the rights to pursue these claims for works originating outside of the United States under the Berne Convention; or c) is a sound recording fixed before February 15, 1972, and included on a schedule filed with the Copyright Office pursuant to the Orrin G. Hatch-Bob Goodlatte Music Modernization Act ("MMA").

## SONY MUSIC'S LICENSING BUSINESS

37.     Licensing the use of sound recordings – including for use in internet-based media – is a substantial revenue driver for all music companies, including Sony Music, especially over

the last decade.

38.     For example, Sony Music regularly licenses Sony Recordings for use in films, video games, television, and social media via the Internet.

39.     Sony Music has licensing agreements with many types of companies. For example, a license to Peloton allows it to use Sony Recordings to create themed fitness class videos.

40.     Sony Music has also licensed Sony Recordings to various cosmetics companies that compete with OFRA Cosmetics, as well as to companies in related markets, often including the right to use the Sony Music content on the internet.

41.     By way of example only, Sony has licensed various Sony Recordings to Estee Lauder, Cover Girl, Revlon, MAC, Shiseido, LVMH and NYX.

42.     Those who use Sony Recordings, whether in streaming services, social media, commercials, videos, or otherwise, are obligated to follow copyright laws and obtain permission from Sony Music.

### DEFENDANTS' INFRINGING VIDEOS

43.     Defendants have engaged in concerted social media marketing efforts, including on Tik Tok, Facebook, Instagram and Twitter, to increase OFRA Cosmetics' brand value, cachet, and sales, all in conscious disregard of the intellectual property rights of Sony Music and other major record and music publishing companies.

44.     It is no accident that OFRA Cosmetics' Videos use many of the most popular recordings in the Sony Music library, including those of widely acclaimed artists Doja Cat, Beyoncé, Britney Spears, and Mariah Carey, among many others.

45.     The OFRA Videos are designed to promote OFRA Cosmetics' brand and products, are often tied to product releases, and often depict an individual using, demonstrating, or otherwise spotlighting one or more of OFRA Cosmetics' products.

46.     The OFRA Videos seek to increase their appeal by adding soundtracks intentionally selected to fit and enhance the mood and feel of the videos.

47.     The Sony Recordings generally run the length of the OFRA Videos and include the catchiest or most familiar parts of the track.

48.     Upon information and belief, many of the OFRA Videos were created by OFRA Cosmetics itself.

49.     Other OFRA Videos were created by social media influencers who, on information and belief, OFRA Cosmetics compensates by, among other things, providing free, new, and/or yet-to-be-released products that the influencers can then feature in their videos, by providing influencers with a portion of revenue for products sold through the influencer's unique discount code, or by simply paying them.

50.     On information and belief, OFRA Cosmetics contracts directly with a number of influencers. OFRA advertises an "Affiliate Program" in which influencers "earn a commission on [OFRA's] products sold as [influencers] promote them."[2] According to OFRA's Affiliate Program application, influencers earn a base commission of 10% of sales.[3]

51.     OFRA Cosmetics has also engaged in formal collaborations with several high-profile social media influencers. On a website page titled "OFRA x Project Influencer,"[4] OFRA Cosmetics lists the Instagram handles of some of its formal influencer collaborators, stating it has "teamed up with some of the best beauty influencers in the game."

52.     As part of its formal collaborations, OFRA Cosmetics works with influencer partners to create and promote product lines. The influencer partners promote OFRA Cosmetics products on their own social media pages, including with videos that use unlicensed Sony recordings. OFRA Cosmetics often then re-posts the influencer's video to its own social media pages, and when doing so, often also promotes the influencer's personal channel. The affiliate program terms and conditions gives OFRA the right to terminate "affiliate status" and indicates that OFRA reviews affiliate websites monthly.[5]

---

[2] https://ofracosmetics.com/policies/affiliates (last accessed October 30, 2023).
[3] https://ofracosmetics.refersion.com/affiliate/registration (last accessed October 30, 2023).
[4] https://ofracosmetics.com/project-influencer (last accessed October 30, 2023).
[5] https://ofracosmetics.refersion.com/affiliate/registration (last accessed October 30, 2023).

53.     OFRA Cosmetics actively reviewed, selected, copied, and re-posted numerous influencer-created videos to OFRA Cosmetics' social media pages.

54.     Figure 1 below is an example of an OFRA Video posted to OFRA Cosmetics' Instagram page. The video was originally created by prominent beauty influencer @makeupshayla and posted to her own YouTube channel, exploiting Sony Music's "Partition" by Beyoncé, and advertising OFRA Cosmetics' Long Lasting Liquid Lipsticks.   OFRA Cosmetics re-posted the video to its own page, with a caption encouraging users to watch the videos on the influencer's channel, too. As pictured below, in a comment to this video, OFRA Cosmetics also lists various other influencers it has worked with.   By working with popular influencers, OFRA additionally draws each of these influencers' followers to its own pages and to the OFRA Videos.



**Figure 1**

55.     Defendants are well aware that the OFRA Videos contain popular and unlicensed sound recordings.

56.     The OFRA Videos actively integrate sound recordings as part of these advertisements, including through lip-syncing – indicating that clearly, OFRA Cosmetics is well

aware of the Sony Music recordings it exploits; their inclusion in the OFRA Videos is not random or coincidental.  For example, Figure 2 below is a screen capture from a video promoting OFRA Cosmetics make-up featuring an unauthorized use of the Sony Recording "Lions Tigers Bears" by Jazmine Sullivan.  In the video, the model lip-syncs the chorus' lyrics in the clip – "I'm not scared of lions and tigers and bears but I'm scared of" – before the following text appears in the video: "Missing out on the BFF sale".  The caption for this video's post also specifically promotes OFRA Cosmetics' products by including a discount code for purchases.



**Figure 2**

57.     Similarly, recognizing the importance of music to social media posts and consumer engagement, the OFRA Videos often specifically highlight or explicitly refer to the featured sound recording in the video's caption, as in the example shown in Figure 3 below, referencing the Sony Recording "Confessions Part 2" performed by Usher.[6]  The video specifically calls out the launch of new OFRA Cosmetics products, and denotes the song title in the post's caption, as well as uses

---

[6] The Sony Music recording featured in this OFRA Video is erroneously tagged as "original sound – Ofra Cosmetics."  This is the case in many other OFRA Videos, too.  When OFRA fails to correct erroneous "original sound – Ofra Cosmetics" tags in infringing videos, this only broadens the scope of the damages inflicted as a result of its infringing activity.  That is because, by uploading videos with these erroneous tags, OFRA Cosmetics makes the infringing recording (as uploaded by OFRA Cosmetics) available for any other user (often including other advertisers) to exploit in their own videos.

actual footage of Usher himself in the video, all, upon information and belief, without permission or authorization.



**Figure 3**

58.     As another example, as shown in Figure 4 below, OFRA Cosmetics exploited Sony Music's "Independent Women, Pt. 1" by Destiny's Child (famously featured as the lead single on the soundtrack for the hit 2000 film "Charlie's Angels) in a video captioned "#charliesangels," featuring an influencer reenacting the signature poses associated with the film.  The influencer's poses and dances are choreographed to correspond to the featured Sony Recording, indicating that the music is integral to the post.  The portion of the recording featured in the OFRA Video also lists the names of the three lead actresses from the film, and alludes to the name of the Sony Music artist.



**<u>Figure 4</u>**

59.     OFRA Cosmetics also purposefully selects certain sound recordings for use in the OFRA Videos because the sound recordings directly relate to OFRA's marketing campaigns.  For example, one of the OFRA Videos exploits the Sony Recording "Kiss Me More" by Doja Cat without authorization, to advertise OFRA Cosmetics' lipstick sale for National Lipstick Day, and includes a link to OFRA Cosmetics' website.  As another example, as shown in Figure 5 below, OFRA Cosmetics also exploited the Sony Recording "Sunflower" by Harry Styles without authorization, to advertise OFRA Cosmetics' "Spring Florals" eyeshadow palette.  And as yet another example, as shown in Figure 6 below, OFRA Cosmetics exploited the Sony Recording "Miami" by Will Smith to advertise its "Miami Nights" and "Miami Spice" lip products.  OFRA Cosmetics explicitly tags the Sony Recording in this post, and explicitly refers to it in the caption (stating "Welcome to #Miami! No plane ticket necessary to enjoy these #3ohvibes! Miami Nights and Miami Spice available now").



**Figure 5**



**Figure 6**

60.     User comments on the OFRA Videos also show that the Sony Recordings OFRA features are important to, and act as a "draw" for consumers.  For example, as seen in Figure 5 above (OFRA Video exploiting Sony's "Sunflower" by Harry Styles), a user commented on the video asking OFRA to "also stream the fine line album by harry styles!!!"

61.     OFRA Cosmetics' use of these popular and trending sound recordings in OFRA Videos was deliberate and done to maximize the reach and penetration of the team's social media marketing.  Platforms such as Instagram and TikTok, for example, use algorithms which often promote videos to users based on their audio content or hashtags; the algorithms favor videos that include music or related hashtags which a user has liked previously or is generally popular on the app.  Using the Sony Recordings in the OFRA Videos therefore causes OFRA Cosmetics' posts to appear in the social media feeds of users who are interested in the featured or tagged music (not necessarily the company, or even make-up or cosmetics products, in general) and might not otherwise come across through OFRA Cosmetics' traditional advertising campaigns.  It also helps users discover OFRA Videos when they are searching social media for content incorporating certain songs or music-related tags.

62.     By TikTok's own account, "67% of TikTok users would prefer to see videos from brands featuring popular or trending songs on TikTok."  As a result, TikTok advises brands that "[u]sing trending songs in your brands' TikTok content is a great way to capture [users'] attention."[7]  Indeed, a TikTok commissioned study concluded that "[f]or brands to resonate on TikTok, they need to build holistically with audio as a primary creative driver."[8]

63.     The OFRA Videos are standard commercial uses of sound recordings and precisely how music is typically used in the context of commercial advertisements.  Sony Music and other

---

[7] https://newsroom.tiktok.com/en-us/new-studies-quantify-tiktoks-growing-impact-on-culture-and-music (last accessed October 30, 2023).
[8] https://www.tiktok.com/business/en-US/blog/kantar-report-how-brands-are-making-noise-and-driving-impact-with-sound-on-tiktok?redirected=1&platform=facebook&channel=facebook-organic-post-blog-soundon-44356&attr_source=facebook&attr_medium=organic-post&attr_campaign=facebook-organic-post-blog-soundon-44356 (last accessed October 30, 2023).

music companies regularly license the use of their sound recordings and musical works to third parties – including other cosmetics companies (i.e., OFRA Cosmetics' competitors) – for just such commercial uses.

64.     In the course of creating the OFRA Videos, Sony Recordings are duplicated and synchronized with visual content without permission, creating an unauthorized derivative work, which constitutes direct copyright infringement.

65.     When posting the OFRA Videos to OFRA Cosmetics' various social media platforms, Defendants make an unauthorized copy of the Sony Recordings, which constitutes direct copyright infringement.

66.     OFRA Cosmetics publicly performs and digitally transmits OFRA Videos containing Sony Recordings through Instagram, Tik Tok and other digital platforms, which constitutes an additional form of direct copyright infringement.

67.     OFRA Cosmetics has also engaged in secondary infringement. It financially benefits from infringements by OFRA Cosmetics influencers while being in a position to control the same.  And it has knowledge of, and induces and contributes to the infringements of its influencers through compensation in various forms, including but not limited to, free product.

68.     OFRA Cosmetics' financial benefit derives from the highly promotional nature of the OFRA Videos, most of which feature influencers wearing and prominently featuring OFRA Cosmetics-branded cosmetics, as in Figure 8 below (featuring the Sony Recording "In the Morning" by ZHU).  The OFRA Videos are a low-cost alternative to hiring a third-party advertising agency to create commercials, and provide OFRA Cosmetics with the same direct financial benefit.



**Figure 7**

69.     OFRA Cosmetics' ability to control the infringement is evidenced by its formal contracts with influencers,[9] which give OFRA Cosmetics the right and ability to terminate its relationships with influencer if they violate the intellectual property rights of third parties, and to actively review influencer content on a regular basis.   As per OFRA Cosmetics' Affiliate Agreement, an influencers' affiliate status "may be suspended or terminated for any reason including . . . [v]iolation of intellectual property rights." Further, even absent this formal contract, OFRA Cosmetics still maintains the right and ability to control its influencers' infringement; there is nothing stopping OFRA Cosmetics from placing conditions on provision of free products or commissions to influencers, such as compliance with copyright laws.

70.     Because it actively reviewed, selected, copied, re-posted, and shared infringing content created by its influencers, OFRA Cosmetics knew or should have known of the influencers' infringement. Moreover, upon information and belief, OFRA Cosmetics actively monitors its influencers' activities by, upon information and belief, employing professional staff

---

[9] Available at https://ofracosmetics.refersion.com/affiliate/registration (last accessed October 30, 2023).

whose responsibilities include "[a]ssist[ing] with real-time monitoring of social media platforms,"[10] "buil[ding] relationships with content creators to promote brand awareness,"[11] "assist[ing] in managing top weekly mentions of the brand across social media platforms,"[12] and "brainstorm[ing] social media and influencer-driven concepts that will . . . generate sales."[13]

71.     OFRA Cosmetics induces or contributes to its influencers' infringement by providing products in exchange for the creation of OFRA Videos featuring such products, and a platform on which the OFRA Videos can be widely shared. Indeed, as seen in Figures 9 through 11 below,[14] numerous videos across social media platforms feature influencers stating OFRA Cosmetics "gifted" them free products in exchange for their creation of videos promoting those videos.  In many (if not most) such instances, as also seen in Figures 9 through 11 below, OFRA Cosmetics commented on the influencers' video – further reinforcing that OFRA Cosmetics can and does monitor its influencers' activities. OFRA Cosmetics' compensation of influencers for the creation of the OFRA Videos – including by way of a portion of profits, or anything else of value – also constitutes material contribution and inducement, and is a proximate cause of the infringement.

---

[10] https://www.linkedin.com/in/jenniferpetienne (last accessed October 30, 2023).
[11] *Id.*
[12] https://www.linkedin.com/in/gabrielle-berment (last accessed October 30, 2023).
[13] *Id.*
[14] Figures 9, 10, and 11 feature the Sony Recordings "As It Was" by Harry Styles, "Cannons" by Fire For You, and "Watermelon Sugar" by Harry Styles, respectively.



**Figure 8**



**Figure 9**



**Figure 10**

72.     Defendants' infringements rob Sony Music of the licensing revenues it is entitled to for use of the Sony Recordings, thus undermining Sony Music's investment in its artists and their recordings and depriving those artists of revenue.

73.     OFRA Cosmetics' infringement also impacts the ability of Sony's artists to establish relationships with other cosmetics brands, and impacts the willingness of other brands to license the Sony Recordings.  Many Sony artists have, or wish to have, sponsorship or other deals with cosmetics companies, but doing so is made difficult if an artist is already perceived as being associated with OFRA Cosmetics due to the OFRA Videos.  This difficulty is further exacerbated by the recent reputational scandal involving OFRA Cosmetics,[15] which prompted many of OFRA Cosmetics' own influencers to sever ties with the brand.

74.     OFRA Cosmetics caused Sony Music irreparable harm, and damages in an amount to be determined at trial.

---

[15] https://www.glossy.co/beauty/ofra-cosmetics-founders-step-down-following-hate-symbol-controversy/ (last accessed October 30, 2023).

**HISTORY OF THE DISPUTE**

75.     On September 12, 2022, Plaintiffs sent OFRA Cosmetics a cease-and-desist letter demanding that OFRA cease its infringing activities.

76.     Despite Sony Music's letter, upon information and belief, OFRA continued to post infringing videos well into 2023, posting at least one video as recently as September 24, 2023. OFRA's influencers additionally continued to post infringing OFRA Videos well into 2023, too.

77.     OFRA also continued to infringe and make certain of the OFRA Videos available on its social media platforms after Sony Music's cease-and-desist letter, and Sony Music continued to discover additional infringing videos through at least September 24, 2023, bringing the total number of infringing videos to 329.

78.     Sony Music's investigation continues, and discovery is likely to reveal many more infringements.

79.     At the time OFRA made and/or posted the OFRA Videos, OFRA was aware of the requirements of the United States Copyright Act and the need to obtain licenses from Sony Music before using any of the sound recordings.

80.     OFRA's infringement was clearly willful. Among other things, the social media platforms on which OFRA posted OFRA Videos expressly state that users have no right to infringe music, particularly in connection with commercial activities.

81.     For example, TikTok's Terms of Service, which a user must assent and agree to in order to post videos to TikTok, state:

> NO RIGHTS ARE LICENSED WITH RESPECT TO SOUND RECORDINGS
> AND THE MUSICAL WORKS EMBODIED THEREIN THAT ARE MADE
> AVAILABLE FROM OR THROUGH THE SERVICE.[16]

82.     TikTok also provides users with an audio library of pre-cleared music for content and ad creation, specifically for use in commercial content.  None of the Sony Recordings set forth in Exhibit 1 hereto can be found in this commercial audio library.

---

[16] https://www.tiktok.com/legal/terms-of-service?lang=en.(last accessed October 30, 2023).

83.     Moreover, since approximately August 2020, TikTok has required end-users with business accounts, before posting a video, to confirm that either (A) there is no copyrighted music included in the content they are posting, or (B) they have received all necessary rights to use copyrighted sound recordings and/or musical works for business purposes on the TikTok platform.

84.     Below is a screenshot depicting an example of TikTok's in-app notifications regarding the use of copyrighted music:



85.     While the specific language has changed over time, TikTok has had this same basic policy since August 2020.  Nonetheless, OFRA Cosmetics posted numerous OFRA Videos to TikTok *after* August 2020, apparently by falsely representing either that there was no copyrighted music in the OFRA Videos or that it had received all necessary rights and permissions to use the copyrighted Sony Recordings in the OFRA Videos.

86.     Likewise, since at least as early as April 2018, Instagram's Terms of Use[17] incorporated Music Guidelines found on Facebook's website which specifically prohibit the commercial use of music without appropriate license.  The Music Guidelines state in pertinent part: "Use of music for commercial or non-personal purposes in particular is prohibited unless you have obtained appropriate licenses."[18]  Nonetheless, OFRA Cosmetics posted numerous OFRA Videos to both Instagram and Facebook *after* April 2018, in disregard for the platforms' terms of use.

87.     OFRA Cosmetics' willfulness is evidenced further still, by the fact that it continued to post new infringing content long after learning of Sony Music's claims.  For example, OFRA Cosmetics posted a video to its Twitter account as recently as September 24, 2023 (over a year after Sony Music's initial cease-and-desist letter), exploiting Sony Music's "Chaconne in G Major" by Murray Perahia.  This infringing OFRA Video remains available on OFRA's Twitter page at least as of the time of filing.

88.     OFRA Cosmetics also seeks to protect and enforce its own intellectual property rights.  For example, OFRA Cosmetics has registered with the United States Patent and Trademark Office several trademarks relating to the OFRA Cosmetics brand, including a standard character mark for "iPalette by OFRA".

89.     Despite OFRA Cosmetics' evident awareness of intellectual property laws, OFRA neither obtained, nor made any effort to obtain, from Sony Music any permission to use any of the Sony Recordings in the OFRA Videos.  Nor is OFRA's wrongful conduct limited to its unauthorized use of Sony Recordings standing alone.  Upon information and belief, OFRA also did not seek permission from the copyright owners of the musical compositions that are embodied in the Sony Recordings to exploit those works in OFRA Videos.  In addition, OFRA also incorporated without permission sound recordings owned or controlled by other major record labels in other videos used to advertise OFRA Cosmetics products.

---

[17] https://help.instagram.com/581066165581870. (last accessed October 30, 2023).
[18] https://www.facebook.com/legal/music_guidelines. (last accessed October 30, 2023).

90.     Even after Sony Music notified OFRA that it had learned of the OFRA Videos and that they were posted without Sony Music's authorization, OFRA continued its wrongful conduct. OFRA has (1) failed to respond substantively to Sony Music's initial inquiry concerning the OFRA Videos or to meaningfully engage on the merits of Sony Music's claims, (2) failed to disclose the existence of additional infringing content that Sony Music did not initially identify or know about, thereby placing the burden on Sony Music to search OFRA Cosmetics' own social media channels and online properties to locate OFRA Cosmetics' many infringements, (3) failed to take down certain of the OFRA Videos even after Sony Music notified OFRA of their existence, and (4) OFRA and its influencers posted *new* infringing content in complete disregard of Sony Music's rights well after Sony Music first put OFRA on notice of the infringements.

## COUNT I:  DIRECT COPYRIGHT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

91.     Sony Music incorporates paragraphs 1-90 of this Complaint as if fully set forth herein.

92.     The Sony Recordings are original, creative works and constitute copyrightable subject matter under the Copyright Act.

93.     Sony Music owned or controlled each of the copyrights to each of the Sony Recordings during the relevant times of Defendants' infringement.

94.     By its actions, OFRA Cosmetics has infringed Sony Music's copyrights by, *inter alia*, reproducing, distributing, publicly performing, and/or digitally transmitting the Sony Recordings, and creating derivative works from them, without any authorization, permission, license, or consent from Sony Music.

95.     OFRA Cosmetics' acts of infringement are knowing, deliberate, and in utter disregard for Sony Music's rights.

96.     OFRA Cosmetics' willfulness is evidenced by, among other things:

(i)     OFRA Cosmetics' active review of the OFRA Videos on social media influencers'

pages to select videos to post to OFRA's own pages;

(ii)      The fact that OFRA Cosmetics' conduct violates the Terms of Service of the social media platforms on which they post and repost content;

(iii)     Months after receiving Sony Music's cease-and-desist letter, OFRA Cosmetics' failure to remove infringing videos;

(iv)      OFRA Cosmetics' decision to continue to create and/or post videos that infringe upon Sony Music's rights and upon information and belief, on the rights of other copyright holders;

(v)       OFRA Cosmetics' decision to blatantly ignore multiple notices from TikTok about the need to obtain a license to post copyrighted content.

97.      Defendants' conduct constitutes copyright infringement under 17 U.S.C. §§ 101, *et seq.*, and willful copyright infringement under 17 U.S.C. § 504(c)(2).

98.      OFRA Cosmetics has illicitly benefited from the infringing OFRA Videos, including but not limited to garnering tens of thousands of views, resulting in widespread brand recognition and, upon information and belief, millions of dollars in sales revenue from OFRA Cosmetics products.

99.      Sony Music is entitled to injunctive relief prohibiting OFRA Cosmetics, and its agents and employees, from further infringing Sony Music's copyrights.

100.     In addition, Sony Music is entitled to recover from OFRA Cosmetics the damages it has sustained and continues to sustain, and any gains, profits, and advantages obtained by OFRA Cosmetics as a result of its infringement.

101.     Alternatively, Sony Music is entitled to recover from OFRA Cosmetics statutory damages, including in the statutory range of $30,000 - $150,000 allowed for willful infringement – as well as Sony Music's attorneys' fees and costs incurred in connection with this action.

## COUNT II: CONTRIBUTORY INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

102.    Sony Music incorporates paragraphs 1-90 of this Complaint as if fully set forth herein.

103.    The Sony Recordings are original, creative works and constitute copyrightable subject matter under the Copyright Act.

104.    Sony Music owned or controlled each of the copyrights to each of the Sony Recordings during the relevant times of Defendants' infringement.

105.    As detailed above, third-party influencers who created the OFRA Videos have likewise infringed Plaintiffs' copyrights, and OFRA Cosmetics is liable as a contributory copyright infringer for the infringing acts of its influencers. Additionally, OFRA Cosmetics is contributorily liable by making the OFRA Videos available on various social media platforms.

106.    By promoting and/or assisting with the creation of the infringing OFRA Videos (including by encouraging, designing, directing, producing, overseeing, working directly with influencers on, or providing the products featured in the OFRA Videos), OFRA Cosmetics materially contributes to its influencers' infringement. OFRA Cosmetics additionally materially contributes to the influencers' activities by failing to exercise its ability to have the infringing videos (or at least the sound recordings captured therein) removed from the influencers' own social media accounts. Additionally, by causing the OFRA Videos to be copied, made available, and transmitted over social media, OFRA Cosmetics materially contributes to the infringing reproduction, preparation of derivative works from, distribution, and/or public performance of the Sony Music sound recordings contained in the OFRA Videos.

107.    OFRA Cosmetics knows that the OFRA Videos were created without the right, permission or a license to use the Sony Recordings, and that OFRA Cosmetics copied and re-posted the OFRA Videos with knowledge that such videos contained unlicensed sound recordings.

108.    OFRA Cosmetics' conduct constitutes willful contributory copyright infringement.

109.    Sony Music has been damaged, and will continue to be damaged, by OFRA

Cosmetics' acts of contributory infringement.

110.     Sony Music is entitled to injunctive relief prohibiting OFRA Cosmetics from further acts of contributory infringement.

111.     In addition, Sony Music is entitled to recover from OFRA Cosmetics the damages it has sustained and continues to sustain, and any gains, profits, and advantages obtained by OFRA Cosmetics as a result of its infringing acts.

112.     Alternatively, Sony Music is entitled to recover statutory damages from OFRA Cosmetics, including in the statutory range of $30,000 - $150,000 allowed for willful infringement – as well as Sony Music's attorneys' fees and costs incurred in connection with this action.

## COUNT III: VICARIOUS INFRINGEMENT
### (AGAINST ALL DEFENDANTS)

113.     Sony Music incorporates paragraphs 1-90 of this Complaint as if fully set forth herein.

114.     The Sony Recordings are original, creative works and constitute copyrightable subject matter under the Copyright Act.

115.     Sony Music owned or controlled each of the copyrights to each of the Sony Recordings during the relevant times of Defendants' infringement.

116.     The third-party influencers who created OFRA Videos have infringed Plaintiffs' copyrights, and OFRA Cosmetics is vicariously liable for those infringing acts.  Additionally, OFRA Cosmetics is vicariously liable by making the OFRA Videos available on social media.

117.     Due to its direct involvement with influencers, its right and ability to direct and supervise its influencers' activities, and right and ability to stop providing raw materials to influencers who infringe, OFRA Cosmetics has the right, ability, and authority to control and supervise the creation of the OFRA Videos and inclusion of the Sony Recordings therein. Additionally, through its ability to select which videos to publish on its own social media channels, and to take down any infringing content from its own social media channels and from the social

media channels of influencers with whom it has a formal agreement, OFRA Cosmetics has the right, ability, and authority to control the dissemination of the infringing OFRA Videos. It has failed to exercise its right and ability to take down the infringing Videos, despite its knowledge of the infringement.

118.    OFRA Cosmetics did, in fact, participate, supervise, and control the creation and dissemination of OFRA Videos, and continues to do the same.

119.    OFRA Cosmetics directly profits from inclusion of the Sony Music recordings in the OFRA Videos, as well as from the duplication, public performance, digital transmission and/or distribution of the Sony Music content contained in the OFRA Videos by, among other things, increasing OFRA Cosmetics' brand recognition and product sales.

120.    Sony Music has been damaged, and will continue to be damaged, by OFRA Cosmetics' acts of vicarious infringement.

121.    Sony Music is entitled to injunctive relief prohibiting OFRA Cosmetics from further acts of vicarious infringement.

122.    In addition, Sony Music is entitled to recover from OFRA Cosmetics the damages it has sustained and continues to sustain, and any gains, profits, and advantages obtained by OFRA Cosmetics as a result of its infringing acts.

123.    Alternatively, Sony Music is entitled to recover statutory damages from OFRA Cosmetics, including in the statutory range of $30,000 - $150,000 allowed for willful infringement – as well as Sony Music's attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Sony Music prays for judgment from this Court in Sony Music's favor against Defendants:

a.    A declaration that Defendants have willfully infringed the Sony Recordings and in violation of the Copyright Act.

b.  A permanent injunction requiring Defendants and Defendants' agents, employees, officers, attorneys, successors, licensees, partners and assignees, and all persons acting in concert with any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of, any of Sony Music's rights protected by the Copyright Act.

c.  An order requiring OFRA Cosmetics to render a full and complete accounting to Sony Music for OFRA Cosmetics' profits, gains, advantages, and the value of the business opportunities received from its infringing activities.

d.  For statutory damages pursuant to 17 U.S.C. § 504(c) for OFRA Cosmetics' *willful* infringement to the greatest extent provided by the Copyright Act, or, in the alternative, at Sony Music's election, Sony Music's actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial;

e.  For an award of Sony Music's costs in this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

f.  For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants; and

g.  For such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Sony Music hereby demands a trial by jury of all issues that are so triable.

Dated: October 31, 2023         /s/ *Matthew Triggs*

Matthew Triggs
Florida Bar No. 0865745
Proskauer Rose LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431-7360
Tel: 561-995-4736
Fax: 561-241-7145
mtriggs@proskauer.com
florida.litigation@proskauer.com

Sandra Crawshaw-Sparks (*pro hac vice* forthcoming)
David Munkittrick (*pro hac vice* forthcoming)
Anisha Shenai-Khatkhate (*pro hac vice* forthcoming)
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Tel: 212-969-3000
scrawshaw@proskauer.com
dmunkittrick@proskauer.com
ashenai@proskauer.com

*Attorneys for Plaintiffs*